CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 30 2008

JOHN F. CORCORAN, CLERK
BY:
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FRED LEWIS WILSON, ) | |
|    Plaintiff, ) | Civil Action No. 7:08-cv-00427 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GARY SPRINKLE, et al., ) | By: Hon. Glen E. Conrad |
|    Defendants. ) | United States District Judge |

Plaintiff Fred Lewis Wilson, Virginia inmate number 367870, brings this pro se action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Plaintiff alleges that the ineffective assistance of his court-appointed counsel and the "false allegation[s] under oath" of two detectives with the Botetourt County Sheriff's Office violated his constitutional rights. Plaintiff seeks unspecified damages.

After reviewing the complaint, the court is of the opinion that even though the plaintiff has styled the action as a civil rights complaint, the claims are more appropriately filed as a petition for a writ of habeas corpus. For reasons explained below, the court files the complaint in forma pauperis as a habeas action under 28 U.S.C. §2254 and dismisses it summarily without prejudice, pursuant to Rule 4 of the Rules Governing §2254 Cases. A petition may be dismissed under Rule 4 if it is clear from the petition that the petitioner is not entitled to relief.

A district court is not constrained by a litigant's style of pleading or request for relief. Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981), cert. denied, 455 U.S. 911 (1982). To determine whether an action is properly considered a civil rights complaint or a habeas corpus petition requiring exhaustion of state remedies pursuant to §2254, a court must consider whether the "core" of the litigant's claim concerns the fact or duration of the litigant's confinement and whether a claim of

1

damages is ancillary to and dependent on a favorable resolution of such a claim. Preiser v. Rodriguez, 411 U.S. 475 (1973); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). If the core of the complaint does concern the fact or length of confinement, then the proceeding is in habeas. In this case, construing the complaint liberally, plaintiff is clearly contesting the fact of his continued confinement in the Virginia prison system, claiming that the ineffective assistance of counsel and the false statements of the detectives caused him to be wrongfully convicted. Accordingly, plaintiff's exclusive initial cause of action is in habeas.

Once the complaint is construed as a petition for a writ of habeas corpus, the initial mislabeling of the action does not normally require dismissal. See Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), cert. denied, 439 U.S. 970 (1978). Provided the claim meets the threshold requirements, the court could address it on the merits. Haines v. Kerner, 404 U.S. 519 (1972). Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which petitioner was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971).

The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. Va. Code. § 8.01-654. A non-death row felon in Virginia can exhaust state remedies in one of three ways, depending on the nature of the claims one is raising. First, one can file a direct appeal to the Virginia Court of Appeals, see Va. Code § 17.1-406(A), with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, one can attack one's conviction collaterally by filing a state habeas

petition with the circuit court where one was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code § 8.01-654(A); § 17.1-406(B). Finally, one can exhaust one's remedies by filing a state habeas petition directly with the Supreme Court of Virginia. See Va. Code § 8.01-654(A). Whichever route one chooses to follow, it is clear that one ultimately must present one's claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. See Spencer v. Murray, 18 F.3d 237, 239 (4th Cir. 1994) (denying certain claims on exhaustion principles where claims were not raised on direct appeal to state's highest court).

In this case, the petition clearly indicates that the claims have not yet been presented to the Supreme Court of Virginia.[1] The burden of proving that a claim has been exhausted lies with the petitioner. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). Wilson's failure to exhaust state remedies mandates summary dismissal of the petition by this court,[2] pursuant to Rule 4.

In this action, petitioner also requests monetary damages against his court-appointed counsel and two detectives with the Botetourt County Sheriff's Office. However, petitioner's claims for damages for a wrongful conviction caused by defendants' allegedly unconstitutional conduct will not accrue until the conviction has been held invalid by a court of law. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Under Heck,

---

[1] Wilson's complaint affirms that he has "begun other actions in state or federal court dealing with the same facts involved in this action or otherwise related to [his] imprisonment," and Wilson adds that "each case is still pending." Documents Wilson has submitted in support of his complaint indicate that he has habeas actions pending in the Circuit Courts of the City of Salem and Franklin County.

[2] Petitioner may still pursue federal habeas claims if petitioner is unsuccessful in obtaining relief after presenting such claims to the Supreme Court of Virginia through one of the three routes described. Petitioner is advised, however, that the time to file state or federal habeas petitions is limited by statute. See 28 U.S.C. §2244(d); Virginia Code §8.01-654(A)(2).

3

in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order . . . or called into question by a federal court's issuance of a writ of habeas corpus. . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

Id. at 2372. A court's finding that the ineffective assistance of his court-appointed counsel and the "false allegation[s] under oath" of two detectives with the Botetourt County Sheriff's Office led to plaintiff's wrongful conviction would necessarily render the conviction invalid. Accordingly, plaintiff's claims for monetary damages will not accrue until plaintiff's conviction has been overturned, expunged or reversed. Id. Plaintiff offers no indication that any conviction has been overturned or expunged, and in fact states that challenges to those convictions are pending in the courts of the Commonwealth. Accordingly, any claim for monetary damages which petitioner may have has not yet accrued and must therefore be dismissed without prejudice. Id. An appropriate order shall be issued this day.

The Clerk is directed to send a certified copy of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of July, 2008.

                                                                      United States District Judge